## Marchi's Liquor License Application.

*Liquor law—Application for license—Necessity — Fitness of place — Fitness of applicant—Indictment and acquittal of applicant—Act of May 5, 1921.*

1. An applicant for a liquor license who has been licensed under the Brooks High License Law has thereby been adjudged a fit person, and his place a fit and necessary place to be licensed. Under the Woner Act of May 5, 1921, P. L. 407, the court no longer has the right to pass upon the necessity.

2. When such an applicant has been indicted and acquitted upon a charge of selling liquor containing a higher percentage of alcohol than is allowed by law, the court can do nothing except grant him the license applied for, in the absence of some other valid objection.

3. When a jury acquits a defendant, the court is powerless to set that verdict aside. It must be accepted.

Application for license to sell liquor. Q. S. Dauphin Co., License Docket, 1922, No. 2.

*John R. Geyer,* for applicant; *Philip S. Moyer,* District Attorney, contra.

PER CURIAM, Jan. 25, 1923.—This applicant was one of a number of license holders against whom prosecutions were brought for selling liquor containing a higher percentage of alcohol than allowed by law. Because of the public interest aroused in his trial, we file this memorandum of our reasons for granting the license.

Under our system of administering justice, the jury is the tribunal which must find the facts. When a jury acquits a defendant, the court is powerless to set that verdict aside. It must be accepted. The court cannot order a new trial because it would have come to a different conclusion. That can only be done in case of a conviction without proper evidence; never in a case of an acquittal. The jury acquitted the defendant in this case. If we were to refuse to grant his license now, we would have to do so because we find the defendant guilty after the jury has acquitted him. In other words, we would do what the law forbids, namely, reverse the action of the jury and convict him after he has been acquitted. This would be a plain violation of our oaths, which require us to uphold and administer the law. On no other theory can this license be refused.

A court is not permitted to substitute its own judgment for that of the legislature, nor write into the law what the legislature has not placed there. If the law does not meet with the approval of the people, the remedy is to have the legislature repeal or amend it.

Under the Brooks High License Law, the court had a right to pass upon the necessity for a license, but the Woner Act of 1921 has taken away from the court the right to pass on the necessity and has left to us only the right to pass on the fitness of the applicant and the fitness of the place. This court has passed on these qualifications several times· in granting licenses to this applicant. After a fair trial, a jury of the people having determined, under their oaths, that the defendant did not violate the law, we are bound by that finding.

License applications are required to be filed at a certain time before the day fixed for hearing, and we adhere strictly to that requirement. Remonstrances are also required to be filed with the clerk not later than five days before the application is heard. No remonstrance was filed in this case. As the matter now stands, the application is not legally objected to on the part of any one.

To refuse this license would be using illegal means to accomplish what might be regarded as a desirable end. That "the end justifies the means" is a

vicious suggestion and is generally condemned. It ought to find no place in judicial determinations.

For these reasons, the license is granted.

From William Jenkins Wilcox, Harrisburg, Pa.